FILED
JAMES BONINI
CLERK

05 MAY 27 PM 3:29

WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rafael ACEVEDO-Contreras, Felipe ALVA-Vasquez, Francisco ALVAREZ-Galindo, Alberto AVELAR-Flores, Juan BLANCO-Sanchez, Ricardo BONILLA-Hernandez, Carmelo CANO-Galves, Pilar CASANOVA, Nancy CASTILLO-Malpica, Juan CASTILLO-Rojas, Jorge CASTRO-Ortiz, Carmelo CHAIRES-Colorado, Manuel CHAMPO-Leon, Teresa CHAVEZ, Juana CRUZ-Santiago, Pedro CRUZ-Santiago, Rafael CRUZ-Antonio, Tolitano CRUZ-Santiago, Dany DE LOS SANTOS, Yancy DE LA CRUZ-Francisco, Tomas DIAZ, Jose Luis DOMINGUEZ, aka Rodriguez LOPEZ, Fernando ESCOBAR, Isidoro FERNANDEZ-Cesnit, Nestor FERNANDEZ, Eustagio FLORES-Mendoza, Vianca FLORES-Orozco, Benjamin FRANCO-Solorio, Antelmo GARCIA, Meliton GARCIA-Antonio, Edgar GARCIA-Carlin, Lonjino GOMEZ, Ricardo GOMEZ, Pablo GONZALEZ, Rigoberto GONZALEZ, Victorico GONZALEZ, Silvia GAPI, Juan de Dios GRAJALES, Marin HERNANDEZ- Briones, Gaspar HERNANDEZ-Casas, Guillermo HERNANDEZ-Sanchez, Salustrio HERNANDEZ, Teodoro HERNANDEZ-Torres, Victorino HERNANDEZ-Morales, Yamilo HERNANDEZ-Arellano, Alejandro JIMENEZ-Gonzalez, Francisco

1:05CV369

Case No. ____________

Hon. WEBER, J.

**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT AND STATE LAW CLAIMS**

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

**JIMINEZ-Gonzalez, Juan Carlos )
LAGUNES, Francisco LARA-Sanches, )
Rogelio LEZAMA, Oscar LIMON, )
Basilio LOPEZ-Garcia, Leonel LOPEZ, )
Orvelin LOPEZ-Villatoro, Marco )
Antonio MARTINEZ-Yerena, aka )
Leonardo MORA-Cortes, )
Rafael SERNA-Martinez, Felipe MAYA- )
Antonio, Francisco MAYA-Hernandez, )
Eleazar MAYA-Maya, Juan MAYA- )
Maya, Lidia MAYA-Maya, Antonio )
MEJIA, Isidoro MENDEZ, Teodulo )
MERIDA-Alvarez, Benito )
MESCAL-Meneces, Elias MILLAN- )
Mezcal, Eliseo MILLAN-Mezcal, Jose )
MILLAN-Torres, Amado MONTERO, )
Mario MORA-Yerena, Benita MORA- )
Yerena, Andres MORAN-Pineda, )
Eduardo MOYA, Sergio NEGRETE- )
Aguero, Abel PAREDES, Ricardo )
PAREDES, Ignacio PEREZ, Iber )
RAMIREZ-Gonzalez, Rosa RAMIREZ- )
Malpica, Griselda REYES-Ramirez, )
Ruben REYES-Garcia, Luis REYES- )
Flores, Gerardo RIVERA, Daniel )
ROBLERO, Ricardo ROBLERO, Flor )
ROJAS-Mata, Mariely ROSADO, Israel )
SALINAS, Martin SALINAS, Arturo )
SANCHEZ-Huerta, Gustavo SANCHEZ, )
Alicia SANCHEZ-Hernandez, Hilaria )
SANCHEZ, Dionicio SANCHEZ-Huerta )
Francisca SANTIAGO, Miguel TEOBAL-)
Hernandez, Maria TOLEDO-Duque, )
Gabriel TORRES, Ezequiel TORRES- )
Millan, Felipe TORRES-Millan, )
Andres UGALDE, Jose VARELA, )
Adelina VELAZQUEZ, Eluvia )
VENTURA, Dulce VIDAL-Tomas, )
Abraham YERENA-Paredes, aka Jesus )
SANCHEZ, Rogelio YERENA-Paredes, )
Virginia YERENA, Luis CASTRO, )
Horacio BALTAZAR, Jorge MORALES- )
Mina, Griselda PEREZ-Ruiz, Eduardo )
BELTRAN-Carlin, Fidel REYES, )
Gabriel HERNANDEZ, Epifanio )
HERNANDEZ-Ortiz, Roberto )**

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

**HERNANDEZ-Ortiz, Juan MENDEZ-Toledo, Gabriela TORREBLANCA-Ramirez, and all others similarly situated**

**Plaintiffs,**

**v.**

**ABX Air, Inc., DHL Express (USA)(OH), Inc., Airborne Express (OH), Inc., Garcia's Labor Company, Inc., Garcia Labor Company of Ohio, Inc., and Maximo Garcia, aka Maximino Garcia,**

**Defendants**

## PRELIMINARY STATEMENT

1. The defendants implemented a scheme for the Airborne defendants (defendants Airborne Express (OH), Inc., DHL Express (USA)(OH), Inc., and ABX Air, Inc.) to evade responsibility for the plaintiff workers' overtime wages from the late 1990's to the present. They pretended to hire workers indirectly through related contractors- Garcia's Labor Company, Inc. (a Tennessee corporation), Garcia Labor Company of Ohio, Inc., and Maximo Garcia (aka Maximino Garcia in Tennessee corporate filings)(collectively "Garcia defendants") - while retaining control over the work performed by plaintiffs. The Airborne defendants conspired with and entered into contractual relationships with the Garcia defendants (Garcia's Labor Company, Inc., Garcia Labor Company of Ohio, Inc., and Maximo Garcia), ostensibly to obtain labor for cargo sorting duties for the Airborne defendants' mailing hub in Wilmington, Ohio.

2. The Airborne defendants reaped hundreds of thousands of dollars in annual labor cost savings through their scheme to misclassify plaintiffs as non-employees, while surrendering little or none of their power as employers over the plaintiffs or the work plaintiffs performed.

ADVOCATES FOR BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255-0814
FAX (419) 259-2880

The Airborne defendants retained effective control over plaintiffs' wages, hours and working conditions, and this control continued plaintiffs' economic dependency on the Airborne defendants. The Airborne defendants were, by law, joint employers of plaintiffs along with the Garcia defendants.

3. Specifically, the Airborne defendants exercised substantial control, supervision and direction over the plaintiff workers, including but not limited to the following: the Airborne defendants' managers supervised the plaintiff workers during their shifts, directed and controlled the plaintiff workers as they sorted, moved, loaded and unloaded envelopes and packages at the Wilmington hub; during the plaintiff workers' shifts the Airborne defendants' managers inspected, evaluated and approved the plaintiffs' work. At all times, the shift, sequence, method, and means by which plaintiffs performed labor at the Wilmington site was dictated, supervised, and approved by the Airborne defendants.

4. During the six year period covered by this lawsuit the Airborne defendants underwent corporate changes. One or more of the Airborne defendants is liable for unpaid overtime to plaintiffs during the six year period relevant here.

5. Plaintiffs are informed and believe and thereon allege that the Garcia defendants held plaintiffs out as their employees in contracting with the Airborne defendants, reaping a substantial benefit from the representation that they could provide a steady, reliable workforce to the Airborne defendants at their Wilmington hub.

6. Under this illegal scheme, defendants paid plaintiffs far less than required under the federal Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wages Standard Act, depriving plaintiffs of overtime compensation.

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259-2880

7. ABX Air became an independent corporation in 2003 when it separated from Airborne Express (OH), Inc. after Airborne Express was acquired by DHL Worldwide Express B.V. DHL Express(USA)(OH), Inc., the corporate entity of DHL Worldwide Express B.V. operating in Ohio, and Airborne Express (OH), Inc. were employers of plaintiffs prior to ABX's creation.

8. Plaintiffs file this complaint as a representative action with respect to their FLSA claims. They also file this complaint as a class action for themselves and on behalf of those similarly situated with respect to their remaining state law claims. For the FLSA violations, plaintiffs seek their unpaid overtime compensation, an equal amount in liquidated damages, declaratory and injunction relief, costs, attorney fees and any other relief deemed necessary and just by this court. For the state law claims, plaintiffs and those similarly situated, seek their unpaid overtime compensation, liquidated damages, declaratory and injunctive relief, costs, attorney fees and any other relief deemed necessary and just by this court.

**JURISDICTION AND VENUE**

9. The jurisdiction of this Court is founded on 28 U.S.C. §§1331 (federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction) and 29 U.S.C. §216(b) (FLSA). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. Injunctive relief is authorized by 29 U.S.C. §217 and Fed.R.Civ.P. 65.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 28 U.S.C. §115(b)(1).

**PARTIES**

11. Plaintiffs Rafael Acevedo-Contreras, Felipe Alva-Vasquez, Francisco Alvarez-Galindo, Alberto Avelar-Flores, Horacio Baltazar, Eduardo Beltran-Carlin, Juan Blanco-Sanchez, Ricardo Bonilla-Hernandez, Carmelo Cano-Galves, Pilar Casanova, Nancy Castillo-

ADVOCATES FOR BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

Malpica, Juan Castillo-Rojas, Jorge Castro-Ortiz, Luis Castro, Carmelo Chaires-Colorado, Manuel Champo-Leon, Teresa Chavez, Juana Cruz-Santiago, Pedro Cruz-Santiago, Rafael Cruz-Antonio, Tolintano Cruz-Santiago, Danny de los Santos, Yancy De La Cruz-Francisco, Tomas Diaz, Jose Luis Dominguez, Fernando Escobar, Isidoro Fernandez-Cesnit, Nestor Fernandez, Eustagio Flores-Mendoza, Vianca Flores-Orozco, Benjamin Franco-Solorio, Antelmo Garcia, Meliton Garcia-Antonio, Edgar Garcia-Carlin, Lonjino Gomez, Ricardo Gomez, Pablo Gonzalez, Rigoberto Gonzalez, Victorico Gonzalez, Silvia Gapi, Juan de Dios Grajales, Epifanio Hernandez-Ortiz, Marin Hernandez-Briones, Gabriel Hernandez, Gaspar Hernandez-Casas, Guillermo Hernandez-Sanchez, Roberto Hernandez-Ortiz, Salustrio Hernandez, Teodoro Hernandez-Torres, Victorino Hernandez-Morales, Yamilo Hernandez-Arellano, Alejandro Jimenez-Gonzalez, Francisco Jiminez-Gonzalez, Juan Carlos Lagunes, Francisco Lara-Sanches, Rogelio Lezama, Oscar Limon, Basilio Lopez-Garcia, Leonel Lopez, Orvelin Lopez-Villatoro, Antonio Martinez-Yerena, aka Leonardo Mora, Felipe Maya-Antonio, Francisco Maya-Hernandez, Eleazar Maya-Maya, Juan Maya-Maya, Lidia Maya-Maya, Antonio Mejia, Isidoro Mendez, Juan Mendoza-Toledo, Teodulo Merida-Alvarez, Benito Mezcal-Meneces, Elias Millan-Mezcal, Eliseo Millan-Mezcal, Jose Millan-Torres, Amado Montero, Mario Mora-Yerena, Benita Mora-Yerena, Jorge Morales-Mina, Andres Moran-Pineda, Eduardo Moya, Sergio Negrete-Aguero, Abel Paredes, Ricardo Paredes, Griselda Perez-Ruiz, Ignacio Perez, Iber Ramirez-Gonzalez, Rosa Ramirez-Malpica, Fidel Reyes, Griselda Reyes-Ramirez, Ruben Reyes-Garcia, Luis Reyes-Flores, Gerardo Rivera, Daniel Roblero, Ricardo Roblero, Flor Rojas-Mata, Mariely Rosado, Israel Salinas, Martin Salinas, Arturo Sanchez-Huerta, Gustavo Sanchez, Alicia Sanchez Hernandez, Hilaria Sanchez, Dionicio Sanchez-Huerta, Francisca Santiago, Rafael Serna-Martinez, Miguel

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255-0814
FAX (419) 259-2880

Teobal-Hernandez, Maria Toledo-Duque, Gabriela Torreblanca-Ramirez, Ezequiel Torres-Millan, Felipe Torres-Millan, Gabriel Torres, Andres Ugalde, Jose Varela, AdelinaVelazquez, Eluvia Ventura, Dulce Vidal-Tomas, Abraham Yerena-Paredes, aka Jesus Sanchez, Rogelio Yerena-Paredes, Virginia Yerena, are laborers and all resided in Clinton County, Ohio at all relevant times.

12. Plaintiffs' primary language is Spanish and most speak, read, write, and understand little or no English.

13. Plaintiffs have all signed Consents to Sue which are attached to this Complaint.

14. Defendant ABX Air, Inc. is a Delaware corporation doing business in Ohio. ABX's agent for service of process is The Prentice-Hall Corporation System, Inc., 50 West Broad St., Suite 1800, Columbus, Ohio, 43215.

15. Defendant DHL Express, Inc. (USA)(Ohio), doing business as Airborne Express (OH), Inc. is an Ohio corporation with a place of business in Wilmington, Clinton County, Ohio. It is a cargo airline that offers express shipping services. Its agent for service of process is The Prentice-Hall Corporation System, Inc., 16 East Broad Street, Columbus, Ohio 43215.

16. Defendant Maximo Garcia is the incorporator and owner of the Garcia Labor Company of Ohio, Inc., an Ohio corporation. Defendant Garcia's residence is 2482 Brights Pike, Morristown, Tennessee 37814. In filings with the Tennessee Secretary of State he is listed as Maximino Garcia.

17. Defendant Garcia Labor Company of Ohio, Inc. is an Ohio corporation with its principal place of business in Wilmington, Clinton County, Ohio. Garcia Labor's office is in

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

Wilmington, Clinton County, Ohio. Garcia Labor's agent for service of process is C.T. Corporation System, 1300 East 9th Street, Cleveland, Ohio 44114.

18. Defendant Garcia's Labor Company, Inc., is a Tennessee corporation with its principal office at 2482 Brights Pike, Morristown, Tennessee 37814.

**FACTS**

19. At relevant times, plaintiffs and those similarly situated were employed by defendant ABX Air, Inc., within the meaning of the Fair Labor Standards Act.

20. At relevant times, plaintiffs and those similarly situated were employed by defendant DHL Express (USA)(Ohio), Inc., doing business as Airborne Express (OH), Inc., within the meaning of the Fair Labor Standards Act.

21. At all relevant times, plaintiffs and those similarly situated were employed by defendant Maximo Garcia, within the meaning of the Fair Labor Standards Act.

22. At relevant times, plaintiffs and those similarly situated were employed by defendant Garcia Labor Company of Ohio, Inc., within the meaning of the Fair Labor Standards Act.

23. At relevant times, plaintiffs and those similarly situated were employed by defendant Garcia's Labor Company, Inc. within the meaning of the Fair Labor Standards Act.

24. At relevant times, plaintiffs and those similarly situated were employees of employer defendant ABX Air, Inc.

25. At relevant times, plaintiffs and those similarly situated were employees of employer defendant DHL Express (USA)(Ohio), Inc., doing business as Airborne Express, Inc.

26. At all relevant times relevant, plaintiffs and those similarly situated were employees of employer defendant Maximo Garcia.

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

27. At relevant times, plaintiffs and those similarly situated were employees of employer defendant Garcia Labor Company of Ohio, Inc.

28. At relevant times, plaintiffs and those similarly situated were employees of employer defendant Garcia's Labor Company, Inc.

29. At relevant times, the employment of plaintiffs and those similarly situated with ABX Air, Inc., was work covered by the FLSA.

30. At all relevant times, the employment of plaintiffs and those similarly situated with DHL Express (USA)(OH), Inc., doing business as Airborne Express (OH), Inc. was work covered by the FLSA.

31. At all relevant times, the employment of plaintiffs and those similarly situated with Maximo Garcia, was work covered by the FLSA.

32. At relevant times, the employment of plaintiffs and those similarly situated with Garcia Labor Company of Ohio, Inc., was work covered by the FLSA.

33. At relevant times, the employment of plaintiffs and those similarly situated with Garcia's Labor Company, Inc., was work covered by the FLSA

34. At relevant times the work of plaintiffs and those similarly situated for defendant ABX Air, Inc., was subject to the maximum hours provisions of the FLSA.

35. At relevant times the work of plaintiffs and those similarly situated for defendant DHL Express (USA)(Ohio), Inc., doing business as Airborne Express (OH), Inc., was subject to the maximum hours provisions of the FLSA.

36. At relevant times, the work of plaintiffs and those similarly situated for defendant Garcia Labor Company of Ohio, Inc., was subject to the maximum hours provisions of the FLSA.

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

37. At relevant times, the work of plaintiffs and those similarly situated for defendant Maximo Garcia, was subject to the maximum hours provisions of the FLSA.

38. At relevant times, the work of plaintiffs and those similarly situated for defendant Garcia's Labor Company, Inc., was subject to the maximum hours provisions of the FLSA.

39. At relevant times, the work of plaintiffs and those similarly situated for defendant ABX Air, Inc., was subject to the maximum hours provisions of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §4111.03.

40. At relevant times the work of plaintiffs and those similarly situated for defendant DHL Express (USA)(Ohio), Inc., doing business as Airborne Express (OH), Inc., was subject to the maximum hours provisions of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §4111.03.

41. At relevant times the work of plaintiffs and those similarly situated for defendant Maximo Garcia, was subject to the maximum hours provisions of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §4111.03.

42. At relevant times the work of plaintiffs and those similarly situated for defendant Garcia Labor Company of Ohio, Inc., was subject to the maximum hours provisions of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §4111.03.

43. At relevant times the work of plaintiffs and those similarly situated for defendant Garcia's Labor Company, Inc., was subject to the maximum hours provisions of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §4111.03.

44. At relevant times, plaintiffs and others similarly situated regularly worked in excess of forty hours per week for defendant ABX Air, Inc.

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255-0814
FAX (419) 259-2880

45. At relevant times, plaintiffs and others similarly situated regularly worked in excess of forty hours per week for defendant DHL Express (USA)(Ohio), Inc., doing business as Airborne Express (OH), Inc.

46. At all relevant times, plaintiffs and others similarly situated regularly worked in excess of forty hours per week for defendant Maximo Garcia

47. At relevant times, plaintiffs and others similarly situated regularly worked in excess of forty hours per week for defendant Garcia Labor Company of Ohio, Inc.

48. At relevant times, plaintiffs and others similarly situated regularly worked in excess of forty hours per week for defendant Garcia's Labor Company, Inc.

49. At relevant times, plaintiffs and others similarly situated who regularly worked in excess of forty hours per week for defendant ABX Air, Inc., were not paid overtime wages for their hours exceeding forty hours per week.

50. At relevant times, plaintiffs and others similarly situated who regularly worked in excess of forty hours per week for defendant DHL Express (USA)(Ohio), Inc., doing business as Airborne Express (OH), Inc., were not paid overtime wages for their hours exceeding forty hours per week.

51. At all relevant times, plaintiffs and others similarly situated who regularly worked in excess of forty hours per week for defendant Maximo Garcia, were not paid overtime wages for their hours exceeding forty hours per week.

52. At relevant times, plaintiffs and others similarly situated who regularly worked in excess of forty hours per week for defendant Garcia Labor Company of Ohio, Inc., were not paid overtime wages for their hours exceeding forty hours per week.

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

53. At relevant times, plaintiffs and others similarly situated who regularly worked in excess of forty hours per week for defendant Garcia's Labor Company, Inc., were not paid overtime wages for their hours exceeding forty hours per week.

**CLASS ALLEGATIONS**

54. Count I of this action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b). Named plaintiffs bring this count on their own behalf and on behalf of all other former non-exempt employees who worked for any of the named defendants at the Wilmington, Ohio, facility and were subject to the non-payment of overtime in the six years preceding the filing of this action.

55. With respect to Count I, a collective action under the FLSA is appropriate because the employees just described are "similarly situated" to the named plaintiffs. 29 U.S.C. §216(b); *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

56. Count II of this action is a supplemental claim brought pursuant to Ohio law. This count is brought by named plaintiffs as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons similarly situated.

57. Count III of this action is a supplemental claim brought pursuant to Ohio law. This count is brought by named plaintiffs as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons similarly situated. The class consists of all past employees who worked for any of the defendants at any time on or after the date six years prior to the filing of this lawsuit at the Wilmington hub.

58. The class consists of all past non-exempt employees who worked for any of the named defendants at the Wilmington, Ohio cargo handling facility at any time on or after the date six years prior to the filing of this lawsuit.

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255-0814
FAX (419) 259-2880

59. Certification of a class of persons who may receive relief pursuant to Count II and Count III is appropriate pursuant to Fed.R.Civ.P. 23(b)(2) and/or 23(b)(3) because:

a. the class is so numerous that it is impractical to bring all its members before this Court. Plaintiffs estimate that along with the more than one hundred named plaintiffs there are hundreds of other workers not paid overtime by defendants;

b. there are questions of law and fact common to the class, the primary one being employer status by multiple defendants. Plaintiffs check stubs clearly show minimum wage violations and defendants knew or should have known that plaintiffs were entitled to overtime but were not being paid overtime;

c. the named plaintiffs' claims are typical of those of the class. All of the claim involve overtime wage issues.

d. the named plaintiffs will fairly and adequately protect the interests of the class and named plaintiffs have retained counsel experienced in matters of this type;

e. the defendants and defendant Airborne have acted and refused to act on grounds generally applicable to the class by failing to pay plaintiffs and those similarly situated overtime compensation required by federal and state law, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

f. Named plaintiffs are asking the court to enjoin defendants' practices that violate the FLSA or Ohio law. If this relief is granted it will benefit the entire class; and,

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255-0814
FAX (419) 259-2880

g. questions of law common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Testimony and evidence about defendants' practices will affect and apply to the claims of all class members. Should liability be established, the amount of damages will be a simple arithmetic computation.. If no class action is certified, it will make it impractical for individual class members to pursue relief, or may lead to a large number of separate lawsuits, all of which will rely on the same kind of proof and take roughly the same amount of time, causing an undue burden on the courts.

**CAUSES OF ACTION**

**COUNT 1. VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

60. At all relevant times, plaintiffs were employed by at least one of the Airborne defendants and two of the Garcia defendants within the meaning of the Fair Labor Standards Act (FLSA).

61. Plaintiffs' employment was work covered by the FLSA. At relevant times, defendants were subject to the minimum wage and overtime requirements of the FLSA.

62. Defendants violated the FLSA, 29 U.S.C. §207, by failing to pay plaintiffs one and one-half times their hourly pay rate for those hours worked by plaintiffs exceeding forty hours during the workweek.

63. As a consequence of defendants' violation of plaintiffs' rights under the FLSA, the plaintiffs are entitled to their unpaid overtime wages, an additional equal amount in liquidated damages, plus costs and attorneys' fees, in accordance with 29 U.S.C. §216(b).

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

## COUNT II. VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT

64. Pursuant to Ohio Revised Code §4111.03, defendants were required to pay plaintiffs and others similarly situated at a wage rate of one and one-half times the plaintiffs' wage rate for hours worked in excess of forty hours in one workweek.

65. Defendants violated §4111.03 by failing to timely pay the overtime wages due plaintiffs and others similarly situated each regularly scheduled payday.

66. Pursuant to §4111.10, plaintiffs and others similarly situated are entitled to unpaid overtime, costs, and reasonable attorney's fees from Defendants.

## COUNT III. VIOLATION OF THE OHIO SEMI-MONTHLY PAYMENT OF WAGES ACT

67. Pursuant to Ohio Revised Code §4113.15, defendants were required to pay plaintiffs and others similarly situated their entire wages at the regularly scheduled payday.

68. Defendants violated §4113.15 by failing to timely pay the entire wages due plaintiffs and others similarly situated each regularly scheduled payday.

69. Pursuant to §4113.15, plaintiffs and others similarly situated are entitled to liquidated damages in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

## COUNT IV. REQUEST FOR DECLARATORY RELIEF

70. Defendants' practice of failing to pay plaintiffs and others similarly situated overtime pay when due violates each of the federal and state laws set forth in this Complaint.

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

71. The practice of failing to pay overtime harmed plaintiffs and others similarly situated and will continue to harm defendants' employees in the future unless the practice is declared illegal by this court.

72. Unless plaintiffs and others similarly situated are granted declaratory relief against these practices, current employees of defendants will continue to suffer harm.

**COUNT V. REQUEST FOR INJUNCTIVE RELIEF**

73. Defendants' practice of failing to pay overtime wages to plaintiffs and others similarly situated violates each of the federal and state laws set forth in this Complaint.

74. The practice of failing to pay plaintiffs' overtime wages harmed plaintiffs and others similarly situated and will continue to harm defendants' employees in the future unless the practice is enjoined by this court.

75. Unless plaintiffs and others similarly situated are granted injunctive relief against these practices, defendants' employees will suffer harm for which they have no adequate remedy at law.

**REQUEST FOR RELIEF**

Plaintiffs request that this court:

a. Enjoin defendants from further violations of the FLSA, the Ohio MFWS statute, the Ohio Semi-Monthly Payment of Wages Statute, and set up a monitoring system for future compliance;

b. Declare that defendants violated provisions of the FLSA, the Ohio MFWS statute, and the Ohio Semi-Monthly Payment of Wages Statute, during the course of their employment of plaintiffs and others similarly situated;

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255 0814
FAX (419) 259 2880

c. Award each plaintiff his or her unpaid federal overtime wages plus an equal amount in liquidated damages, as provided by 29 U.S.C. §216(b);

d. Award each plaintiff and others similarly situated his or her unpaid state overtime wages as provided by the Ohio Minimum Fair Wage Standards Act, ORC 4111.10;

e. Award plaintiffs and others similarly situated liquidated damages for each of defendants' violations of the Ohio Semi-Monthly Payment of Wages Statute, ORC §4113.15(B);

f. Award plaintiffs reasonable attorneys' fees and costs for bringing this action as provided for by 29 U.S.C. §216(b) and ORC §4111.10; and,

g. Award plaintiffs and others similarly situated such other relief as the court finds necessary.

Respectfully submitted,

ADVOCATES FOR BASIC LEGAL EQUALITY, INC.

Mark R. Heller (0027027)
Advocates for Basic Legal Equality, Inc.
740 Spitzer Building
Toledo, OH 43604
(419) 255-0814
FAX: (419) 259-2880
mheller@ablelaw.org

ADVOCATES FOR
BASIC LEGAL EQUALITY
520 MADISON AVENUE
740 SPITZER BUILDING
TOLEDO, OHIO 43604
(419) 255-0814
FAX (419) 259-2880